IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DENNISE LYNN JONES**,

        Plaintiff,

  v.

**MICHAEL J. ASTRUE**, Commissioner of Social Security

        Defendant.

Case No.: 6:10-cv-06354-SI

**OPINION AND ORDER**

JULIANA E. COONS
Attorney at Law
440 E. Broadway, Suite 140
Eugene OR 97401

    Of Attorney for Plaintiff

S. AMANDA MARSHALL, United States Attorney
ADRIAN L. BROWN, Assistant United States Attorney
U.S. Attorney's Office
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902

MATHEW W. PILE, Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075

    Of Attorneys for Defendant

**SIMON, District Judge**.

On December 29, 2011, the court entered a stipulated judgment and order of remand in the above captioned case. Dkt. 23. Before the court is Plaintiff Dennise Lynn Jones's ("Plaintiff") motion for attorney fees, Dkt. 25, made pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

The EAJA authorizes the payment of attorney fees to a prevailing party in an action against the United States. 28 U.S.C. § 2412(d)(1)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998). A district court should, however, "exclude from this initial fee calculation hours that were not reasonably expended." *Hensley*, 461 U.S. at 434. (internal quotation marks and citation omitted). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* Time spent on clerical tasks may not be reasonably billed as attorney fees. *Costa v. Astrue*, No. CV-09-6048-HU, 2011 WL 221837 (D. Or. Jan. 18, 2011) ("time spent on clerical tasks . . . should not be billed at attorney rates and . . . should not be compensable as EAJA attorney fees"); *see also Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal rate"). There is "some consensus among the district courts that 20-40 hours is a reasonable amount of time to spend on a social security case that does not present particular difficulty." *Harden v. Comm'r Soc. Sec. Admin.*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007).

Plaintiff requests attorney fees for a total of 27.45 hours of work. Dkt. 25-6. Defendant contends that this proposed fee award is excessive because "Plaintiff's claimed hours include a number of clerical tasks and an unreasonable amount of time spent on preparing Motions for Extension of Time." Dkt. 2 ("Def.'s Resp.") at 2. The court has reviewed the allegedly clerical tasks identified by Defendant and finds that they are appropriately billed. The court finds, however, that billing two hours to prepare three short, unopposed motions for extension of time is excessive. *See* Dkt. 25-6. The court concludes that 0.2 hours for each motion for extension of time, for a total of 0.6 hours preparing all three, is appropriate. Accordingly, the court deducts 1.4 hours from Plaintiff's total attorney fees request of 27.45 hours.[1] The new total is 26.05 hours. Billed at $170 per hour, the court awards $4,428.50.

## CONCLUSION

Plaintiff's motion for attorney fees pursuant to the EAJA is **GRANTED** in part and **DENIED** in part. Plaintiff is awarded $4,428.50 in attorney fees. Plaintiff is awarded $18.45 in costs.

IT IS SO ORDERED

Dated this 23rd day of May, 2012.

/s/ Michael H. Simon
_____
Michael H. Simon
United States District Judge

---

[1] Defendant also argues that Plaintiff's proposed attorney fees form order, Dkt. 25-1, is erroneous because it states that attorney fees shall be "payable to Plaintiff's attorney." Def.'s Resp. at 4. Defendant maintains that EAJA fee awards must be paid to the litigant, not to the litigant's attorney. *Id.* Because the court is entering its own order, not Plaintiff's proposed form order, it is unnecessary to consider this argument. Nonetheless, the court notes that a fee award under EAJA is payable to the litigant, not to the litigant's attorney. *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010).

Page 3 – OPINION AND ORDER