IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DENNISE LYNN JONES**,

        Plaintiff,

   v.

**CAROLYN W. COLVIN**,
Acting Commissioner of Social Security,

        Defendant.

Case No. 6:10-cv-06354-SI

**OPINION AND ORDER**

On December 29, 2011, the Court remanded this case for further proceedings, pursuant to a stipulation by the parties. On May 23, 2012, the Court ordered attorney fees be paid pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $4,428.50.[1] Plaintiff's counsel now moves for attorney's fees of $9,407 pursuant to 42 U.S.C. § 406(b). Dkt. 34. This figure represents 25 percent of Plaintiff's retroactive benefits. Plaintiff's counsel requests an additional payment from Plaintiff of $4,978.50, which represents the requested $9,407 less the EAJA fees of $4,428.50 already received.[2] Although Defendant does not object to the proposed award, this

---

[1] In Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b), she erroneously states that she was awarded EAJA fees in the amount of $4,666.50. Although Plaintiff's counsel requested EAJA fees in the amount of $4,666.50, the Court found that not all of the hours spent were reasonable and reduced the fee award to $4,428.50. Dkt. 27.

[2] This calculation differs from the calculation in Plaintiff's counsel's motion because of the previously noted calculation error in the amount of EAJA fees previously awarded.

PAGE 1 – OPINION AND ORDER

court must perform an independent review to ensure that the award is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security disability insurance claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). Counsel requesting the fee bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. The attorney's fee award is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. *Gisbrecht*, 535 U.S. at 802.

A court reviewing a request for attorney's fees under § 406(b) "must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (*quoting Gisbrecht*, 535 U.S. at 793, 808). Contingent fee agreements that fail to "yield reasonable results in particular cases" may, however, be rejected. *Gisbrecht*, 535 U.S. at 807. There is no definitive list of factors for determining the reasonableness of the requested attorney's fees, but courts may consider the character of the representation, the results achieved, whether there was delay attributable to the attorney seeking the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to attorneys). *See Id*. at 808; *Crawford*, 586 F.3d at 1151-52. Although the Supreme Court has instructed against using the lodestar method to calculate fees, a court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1148; *see also Gisbrecht*, 535 U.S. at 808 (noting that courts may

consider counsel's record of hours spent representing claimant and counsel's normal hourly billing rate for non-contingency work as an aid in considering reasonableness of requested fees).

As prescribed by *Gisbrecht* and *Crawford*, the Court begins its analysis by reviewing the contingency fee agreement signed by Plaintiff and her counsel. Dkt. 36-1. Plaintiff agreed to pay attorney's fees not to exceed 25 percent of the back benefits awarded. Here, Plaintiff was awarded approximately $37,628 in back benefits, so the requested fee award of 25 percent is the statutory maximum.

The Court next considers the reasonableness factors and finds no basis for a downward departure. Plaintiff's counsel is from a reputable and experienced law firm, and there were no issues with the character of the representation. Plaintiff's counsel did request three extensions of time, totaling approximately three and one-half months, before filing Plaintiff's opening brief. The rationale for the dilatoriness factor, however, is to avoid a situation where an attorney inappropriately delays proceedings in order to profit from the accumulation of back-benefits incurred while the case is pending. *See Gisbrecht*, 535 U.S. at 808. There is no evidence of such tactics here. Further, the Court finds that the delay in this case was not excessive for social security cases. *See e.g., Rundell-Princehouse v. Astrue*, 2012 WL 7188852, at *2 (D. Or. Aug. 21, 2012) (delay of approximately three months not excessive); *Abed v. Astrue*, 2011 WL 5025882, at *6 (D. Or. Oct. 21, 2011) (same); *Pennington v. Comm'r*, 2010 WL 3491522, at *3 (D. Or. July 29, 2010) (same). Plaintiff's counsel also obtained a favorable result; a remand and, ultimately, a finding for benefits, which supports the requested fee award.

Finally, the Court finds no basis for a downward adjustment in considering whether the fees requested are in proportion to the time spent. The Court considers the hours spent and a lodestar calculation to aid in this determination. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586

F.3d at 1148. In performing this type of review, courts typically consider counsel's non-contingent hourly rate, factoring in a multiplier to take into account the risk factor of a contingency case. *See, e.g., Ellick v. Barnhart*, 445 F.Supp.2d 1166, 1172-73 (C.D. Cal. 2006) (2.5 multiplier); *Ogle v. Barnhart,* 92 Soc.Sec.Rep.Serv. 938, 2003 WL 22956419 *5-6 (D. Maine 2003) (same). Here, Plaintiff's counsel spent 51.85[3] hours working on Plaintiff's case. Thus, the requested fee results in a *de facto* hourly rate of $181.43. This is below many *de facto* hourly rates approved in this Court for social security cases. *See, e.g., Quinnin v. Comm'r*, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013) (approving *de facto* hourly rate of $1,240 for attorney time); *Ali v. Comm'r*, 2013 WL 3819867 (D. Or. July 21, 2013) (approving *de facto* hourly rate of $1,000).

## CONCLUSION

Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (Dkt. 34) is GRANTED. Plaintiff's counsel is awarded $9,407 in § 406(b) fees, representing 25 percent of Plaintiff's retroactive benefits recovery. After subtracting the $4,428.50 EAJA fee award previously granted to counsel, the additional fee award is $4,978.50. The Commissioner shall pay fees in that amount to Plaintiff's counsel out of the sum withheld by the Commissioner from Plaintiff's benefits and shall pay to Plaintiff any remaining amounts.

**IT IS SO ORDERED.**

DATED this 27th day of November, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[3] Plaintiff's counsel asserts that she spent 53.25 hours; the Court, however, previously found that 1.4 hours spent by counsel was not reasonable. *See* Dkt. 27.